No. ——

First Circuit

---

BRAND v. EVANS

---

(December 6, 1927.  Opinion and Decree)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Aleatory Contracts—
     Par. 1; Obligations—Par. 54.
Payment of money loaned to another to pay a gambling debt to a third party can be forced by law, as it is not an immoral contract.

Appeal from the Parish of East Baton Rouge.  Hon. Carruth Jones, Judge.

Action by W. A. Brand against Chas. F. Evans.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. B. Smulling, of Baton Rouge, attorney for plaintiff, appellee.

Sachse & Darsey, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J.  The claim in this suit is for one hundred and twenty-five dollars, represented by a check drawn by defendant in the State of Mississippi on a bank in Baton Rouge.  Plaintiff lives in Mississippi and in due course caused the check to be presented for payment.  The drawee bank, upon instructions of defendant, refused payment, and plaintiff then brought the present action.

The defense in substance is that the suit is to enforce the execution of an immoral contract, that plaintiff, with defendant and others, was engaged in a dice game, known as "craps," in the town of Okolona, Mississippi, that the amount called for by the check represents a part of the losses of plaintiff in the game, and that such a claim is not actionable under the laws of Louisiana.

From a judgment in favor of plaintiff, defendant has taken the present appeal.

The evidence is that the plaintiff and one Pressly engaged in a game of "craps" in a room over a garage, occupied by John Bean; that although plaintiff, who is a relative of defendant, and others were present, plaintiff took no part in the game.

That the premises did not belong to plaintiff and were not under his control; that plaintiff at the request of the defendant, who wished to pay his losses to Pressly, loaned him this amount of money in cash, and that defendant made out the check in suit, in favor of plaintiff in order to reimburse him the amount thus loaned. Clearly there was nothing immoral in the contract between the plaintiff and defendant and the defense is therefore not proven.

The judgment appealed from is correct and should be affirmed, and

It is so ordered.