SAMUEL, Judge.
This is a suit for $135.00 based on a check drawn by defendant in that amount and held by plaintiff. The defense is that the amount claimed is a gambling debt and therefore uncollectable by court action. Defendant has appealed from a judgment in favor of plaintiff as prayed for.
Plaintiff and defendant, who were friends, met one evening after work at a cafe or bar in the City of New Orleans. There with five or six other friends or acquaintances they engaged in a game called “poker dice”, playing for both drinks and money. The low man in each game paid for the drinks and the high man collected the wagers put up by each player at the beginning'of each game.
During the course of the evening defendant lost all of the money he had in his possession and on several occasions asked plaintiff for loans so that he, defendant, could continue in the game. Plaintiff complied with these requests and made six such advances of $25.00 each, or a total of $150.00. On each occasion defendant gave plaintiff a check to cover the amount either of the particular advance or of the total amount then due. Upon receiving the last advance he gave plaintiff his check in the amount of $150.00 and all other checks were, or had been, destroyed.
The game lasted until the bar closed. When it ended plaintiff had no money left and defendant, whose luck had changed, had won most of the money wagered during the course of the play. The parties saw each other the next day and at that time defendant paid plaintiff $15.00, which was, accord *795 ing to the former, all he had left, took back his check for $150.00, and gave plaintiff another check, payable to “cash”, in the amount of $135.00. This final check was not honored when presented for payment at the bank on which it was drawn. The record is not clear as to the reason for nonpayment but it appears to have been either for insufficient funds or as a result of the fact that the account had been closed.
In Louisiana there are two statutory grounds for denying recovery of obligations arising out of gambling, both contained in the LSA-Civil Code. One is Article 2983, which provides:
“The law grants no action for the payment of what has been won at gaming or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of the gun and foot, horse and chariot racing.
“And as to such games, the judge may reject the demand, when the sum appears to him excessive.”
The other is contained in Arts. 1893 and 1895, which read as follows:
“An obligation without a cause, or with a false or unlawful cause, can have no effect.” LSA-C.C. Article 1893.
“The cause is unlawful, when it is forbidden by law, when it is contra bonos mores, (contrary to moral conduct) or to public order.” LSA-C.C. Article 1895.
Under the authority of these articles our courts consistently have refused to entertain either actions to recover what has been won or lost in gambling or demands for the collection of notes or other obligations given for a gambling debt. West v. Loe Pipe Yard, La.App., 125 So.2d 469; Domino v. La Bord, La.App., 99 So.2d 841; Bagneris v. Smoot, 159 La. 1049, 106 So. 561; Martin v. Seabaugh, 128 La. 442, 54 So. 935.
In the instant case plaintiff contends that this is not a suit for money won at gambling. The check upon which this action is based does not represent money actually won by plaintiff from defendant. To the contrary it represents money advanced to the defendant, at the latter’s request and at a time prior to the losing of the money so advanced, for the purpose of permitting him to continue to participate in the game. In support of this contention he cites Clemons v. Succession of Johnson, 10 La.App. 230, 120 So. 664, and Brand v. Evans, 7 La.App. 205, both of which cases hold that the lending of money to a gambler for the purpose of paying a gambling debt is enforceable by court action even though the third person knew the purpose of the transaction. Neither Clemons nor Brand is apposite. In both the loan was made by a third person who had no connection with the gambling game itself.
Our sympathies are with the plaintiff, Playing with a poor loser is bad enough, and playing with a poor winner, especially one who refuses to pay his losses even out of his winnings, is much worse. But we must decide in favor of the defendant. In order for plaintiff to recover he must occupy a role equivalent to that of an innocent bystander, i. e., he must have been wholly unconnected with the gambling activity. Quite obviously such is not the case here; plaintiff was himself a participant in the game. Nor is the result changed by the fact that the money was loaned prior to the time the same was placed in the game by defendant. The transaction was and remained a part of the gambling activity and plaintiff is precluded from maintaining an action thereon.
For the reasons assigned, the judgment appealed from is reversed and it is ordered that there be judgment in favor of defendant and against the plaintiff, dismissing the latter’s suit at his cost in both courts.
Reversed.