BRUNSON, Judge.
The singular issue presented on this appeal is whether the trial judge was correct in holding that the plaintiff-appellant could not recover through the courts, a debt created by her advancement of funds to the defendant-appellee during a gambling game in which the plaintiff-appellant acted as hostess, and received a “cut” from the wagered pots.
The facts of the case are undisputed.
During a poker game at the home of plaintiff-appellant, Addie Ruth Deblieux, on April 27, 1982, she provided the defendant-appellee, Benny H. Sanders, with a sum of money in order that he continue in the game. Attesting that the money was in the nature of a loan, Sanders, at the end of the game, gave Deblieux his check in the amount of $1,800.00 in payment. However, before the check could be negotiated by Deblieux, Sanders closed his account and the check was subsequently dishonored.
Lamy v. Will, 140 So.2d 794 (La.App. 4th Cir.1962), is dispositive of the issue here presented for that court held that under Article 2983 of the Louisiana Civil Code, the “law grants no action for the payment of what has been won at gaming or by a bet”.[1]
Counsel for appellant here seeks to distinguish this case from Lamy on the basis of the fact that appellant was not a participant in the gambling game, but was merely “cutting” the pot. This argument cannot be sustained for Lamy is wholly disposi-tive. In Lamy, Id. at 795, the court wrote:
“In order for plaintiff to recover he must occupy a role equivalent to that of an innocent bystander, i.e., he must have been wholly unconnected with the gambling activity.”
Here plaintiff-appellant was, in effect, managing the game, providing banking services therefor, and participating in the sums wagered by taking a house “cut”. Clearly plaintiff-appellant was not an “innocent bystander” but was a participant in the manner above shown.
These premises considered, the judgment appealed from is affirmed and it is ordered that the plaintiff’s shit be dismissed at her cost in both courts.
AFFIRMED.

. The law makes certain exceptions which are not applicable here.